**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Tyson King, ) | |
| ) | |
| Plaintiff, ) | Case No. 18-cv-1149 |
| ) | |
| v. ) | |
| ) | |
| Hogsalt Hospitality Management, LLC, ) | |
| MDB Creative, LLC, Brendan Sodikoff, ) | |
| Ryan Wagner, and Jamie Jones, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, TYSON KING, by counsel, alleges as follows:

### Federal Jurisdiction and Venue

1. This case arises under the Fair Labor Standards Act of 1938 ("FLSA"), codified at 29 U.S.C. § 201 et. seq., as amended. As a result, this Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 (federal question).

2. Plaintiff also brings a state law claim under the Illinois Minimum Wage Law ("IMWL"), codified at 820 ILCS 105.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim, pursuant to 28 U.S.C. § 1367, because this claim is so related to the federal FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

4. The events giving rise to this lawsuit arose in this District, namely in Chicago, Illinois.

1

**Parties**

5. Hogsalt Hospitality Management, LLC is an Illinois limited liability company with assumed names of "Hogsalt" and "Hogsalt Hospitality."

6. Hogsalt's main office is 936 W. Huron St. in Chicago.

7. Hogsalt's principal office, according to the Illinois Secretary of State, is 230 W. Kinzie St. in Chicago.

8. Plaintiff Tyson King worked for Hogsalt from October 3, 2016 through February 8, 2017.

9. King's offer letter came from a "MDB Creative, LLC" with an address of 112 N. Green St. in Chicago.

10. MDB Creative, LLC is an Illinois limited liability company with a principal office of 935 W. Randolph St. in Chicago, according to the Illinois Secretary of State.

11. Nevertheless, all King's communications were with people who held themselves out as agents of "Hogsalt" or "Hogsalt Hospitality."

12. Hogsalt is a Chicago-based restaurant group run by Brendan Sodikoff, which includes the following stores in Illinois: 3 Arts Club Café, 3 Green Market, Au Cheval, Bavette's, The California Clipper, C.C. Ferns, Doughnut Vault, Gilt Bar, Green Street Smoked Meats, High Five Ramen, Maude's Liquor Bar, Sawada Coffee, and Small Cheval.

13. King was the Environmental Facilities Engineer for Hogsalt.

14. King' work consisted of being responsible for HVAC, refrigeration and hood system maintenance; supporting Facilities Engineers with various projects; responding to maintenance requests from stores; performing regular property inspections; advising store

managers on a variety of technical engineering issues; and being available on a 24-hour basis in order to handle building emergencies.

15. Hogsalt is subject to FLSA because it is engaged in an industry affecting commerce: it sells and serves to purchasers prepared food and beverages for consumption on or off its various premises; and its annual gross sales total more than $500,000.

16. Brendan Sodikoff is an "employer" under the FLSA, IMWL and IWPCA because in his role as CEO of Hogsalt, he not only had day-to-day control over all the company's operations including compensation of employees, but he also had direct supervision over King. He knew the hours King was working, knew King was not receiving time and a half for hours worked over forty, and had the power to remedy the situation but failed to do so

17. Ryan Wagner is an employer under the FLSA, IMWL and IWPCA because in his role as Operations Director, he not only had day-to-day control over many of the company's operations, but he also had direct supervision over King. He knew the hours King was working, knew King was not receiving time and a half for hours worked over forty, and had the power to remedy the situation but failed to do so.

18. Jamie Jones is an "employer" under the FLSA, IMWL and IWPCA because, as HR Director of Hogsalt, she had day-to-day control over many of the company's employment policies, including direct supervision of King. She knew the hours King was working, knew King was not receiving time and a half for hours worked over forty, and had the power to remedy the situation but failed to do so.

## Count I: FLSA (Non-Payment of Overtime)

19. Plaintiff re-alleges the paragraphs 1-18 above as if fully stated here.

20. Under FLSA, 29 U.S.C. § 207, an employer must pay any employee who works more than 40 hours in a week at a rate of at least 1.5 times the employee's regular rate of pay for each hour over 40 worked.

21. Throughout his employment, King always worked more than 40 hours per week.

22. However, King was not compensated at a rate of 1.5 times his regular rate of pay for any of his hours worked over 40.

23. King was paid on a salary basis.

24. Hogsalt had no right under FLSA to pay King on a salaried basis.

25. In so paying King, Defendants violated the FLSA (Sections 207 and 215a2).

WHEREFORE, Plaintiff requests that Defendants be found liable, that judgment be entered against them, and that King be awarded all remedies to which he is entitled under the law, including:

  a. unpaid overtime compensation;

  b. an additional equal amount as liquidated damages;

  c. attorney's fees; and

  d. costs.

## COUNT II: Illinois Minimum Wage Law violation
## (supplemental IL statutory claim)

26. Plaintiff re-alleges the paragraphs 1-24 above as if fully stated here.

27. Under the IMWL, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his

4

employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed.

28. Throughout his employment, King always worked more than 40 hours per week.

29. However, King was not compensated at a rate of 1 ½ times his regular hourly rate for any of his hours worked over 40.

30. King was paid on a salary basis.

31. Hogsalt had no right under the IMWL to pay King on a salaried basis.

32. In so paying King, Defendants violated the Illinois Minimum Wage Law, 820 ILCS 105.

WHEREFORE, Plaintiff requests that Defendants be found liable, that judgment be entered against them, and that King be awarded all remedies to which he is entitled under the law, including:

    a. the amount he was underpaid;

    b. damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

    c. reasonable attorney's fees; and

    d. costs.

## Jury Demand

33. Plaintiff demands trial by jury.

DATE: 2/14/18  BY:   /s/ Julie O. Herrera

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812
jherrera@julieherreralaw.com